IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. M-03-186 |
| | § | |
| EDUARDO GARCIA, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER DENYING MOTION TO AMEND JUDGMENT

Pending before the Court is Defendant Eduardo Garcia's "Motion to Amend Judgment of Supervised Release Order to Run Concurrent with Present Federal Term." (D.E. 33). In this motion, Garcia requests that the Court amend the judgment for revocation imposed by the undersigned on May 18, 2005. That judgment included a term of imprisonment of twelve months, which was specifically designated to run consecutively with his sentence in Cr. No. C-05-40, imposed on the same date. (D.E. 28, 30; Cr. C-05-40, D.E. 41, 43). Garcia argues that the Court should "reconsider" its ruling and amend the judgment for revocation to reflect that the term of imprisonment run concurrently with his sentence in Cr. No. C-05-40. (D.E. 33 at 2-3).

The revocation of supervised release is a sentence. See United States v. Moody, 277 F.3d 719 (5th Cir. 2001). This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines

under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Garcia fails to assert grounds for modification that fall into any of the categories above. Rather, he merely claims that the imposition of consecutive sentences has resulted in a sentencing disparity between him and unidentified similarly-situated individuals. (D.E. 33 at 3). Therefore, the Court does not have authority to alter his sentence and his motion is DENIED.

For the foregoing reasons, Garcia's motion (D.E. 33) is DENIED.

ORDERED this 30th day of September 2005.

_____
Janis Graham Jack
United States District Judge