IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. M-03-186 |
| | § | |
| EDUARDO GARCIA, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION TO RECONSIDER**

By order entered October 3, 2005, this Court denied Defendant Eduardo Garcia's "Motion to Amend Judgment of Supervised Release Order to Run Concurrent with Present Federal Term." (D.E. 33, 34).  In the motion, Garcia had requested that the Court amend the judgment for revocation imposed by the undersigned on May 18, 2005.  The judgment indicated that his twelve-month term of imprisonment was to run consecutively with his sentence in Cr. No. C-05-40, imposed on the same date.  (D.E. 28, 30; Cr. C-05-40, D.E. 41, 43).  Garcia argued, however, that the Court should reconsider its sentencing ruling and amend the judgment for revocation to reflect that the term of imprisonment run concurrently with his sentence in Cr. No. C-05-40.  (D.E. 33 at 2-3).

This Court denied his motion to amend, noting that it has authority to modify or  correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997), none of which were present in Garcia's case.   On October 25, 2005, the Clerk received an "Objection" from Garcia, in which he objects to the Court's prior order.  (D.E. 35).  In this document, which the Court construes as a motion to reconsider,[1] he argues that the Supreme Court's decision in United States v. Booker,

---

[1] See also D.E. 36 (letter from defendant referencing his earlier filing as a motion to reconsider).

543 U.S. 220 (2005), made the sentencing guidelines advisory, and therefore that the Court had the power to amend his judgment. (D.E. 35). His objections are legally incorrect. Although the sentencing guidelines were advisory at the point that the Court imposed his sentence of revocation, once the judgment was imposed, the Court does not have the discretion to modify the sentence or judgment except as set forth in § 3582(c). Booker does not change that result.

Accordingly, his "Objection" (D.E. 35) is construed as a motion to reconsider and is DENIED.

It is so ORDERED this 30th day of June, 2006.

_____
Janis Graham Jack
United States District Judge

2